UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TEVIN JAMES McGOUGAN,

        Petitioner,

v.                                        Civil Action No. 2:24-cv-661

JEFFERY ALTRIP, Warden, and
CHADWICK DOTSON,
Director of the Virginia
Department of Corrections,

        Respondent.

## FINAL ORDER

Tevin James McGougan ("McGougan" or "Petitioner"), a Virginia inmate proceeding *pro se*, initiated this matter by filing a Petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 6. Before the Court is McGougan's Objections to the Magistrate Judge's Report and Recommendation ("R&R"). Dkt. No. 23. For the reasons stated below, McGougan's Objections to the R&R, Dkt. Nos. 24, 25, are OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 13, is GRANTED, and the Petition is DENIED and DISMISSED WITH PREJUDICE.

### I. LEGAL STANDARD

When a petition is referred for a report and recommendation, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## II. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the Magistrate Judge's R&R.

McGougan pleaded guilty to second degree murder in the Chesterfield County Circuit Court on December 11, 2017, and he was sentenced to serve forty years in prison with ten years suspended. Resp't Br. at 1, Ex. A, Dkt. No. 14. He did not appeal his conviction or file a state habeas petition. *Id*. McGougan filed this Petition alleging that, because the government violated his rights under Article I, Section 10 of the United States Constitution and Article I, Section 2 of the Constitution of Virginia, he must be released from custody. Pet. at 1–16.

The matter was referred to a United States Magistrate Judge for Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C); *see also* E.D. Va. Loc. Civ. R. 72. On July 24, 2025, the Magistrate Judge issued the R&R, recommending that this Court grant Respondent's Motion to Dismiss, and deny and dismiss the Petition with prejudice for being time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). The Magistrate Judge explained that for purposes of federal habeas review, McGougan's criminal conviction became final on January 10,

2

2018, when his time to appeal to the Virginia Court of Appeals expired. Va. Sup. Ct. R. 5:9(a); *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (holding that under 2244(d)(1)(A), the judgment becomes final "when the time for pursing direct review . . . in state court, expires"). Therefore, McGougan's federal limitation period for a challenge to his underlying conviction expired one year later on January 10, 2019, more than five years before he filed the present Petition in October 2024.[1]

In rare circumstances, an untimely filed habeas petition may be subject to equitable tolling if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 634 (2010). The Fourth Circuit limits equitable tolling to those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014). The Magistrate Judge found no plausible claim of equitable tolling or actual innocence excuses the untimely filing.

McGougan filed Objections to the R&R, Dkt. Nos. 24, 25. In reviewing those portions of the R&R to which McGougan has objected, this Court will consider the fact he is acting *pro se*, and his pleadings will be liberally construed. *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. ANALYSIS

McGougan objects to the Magistrate Judge's analysis of his equitable tolling claim and reiterates the same arguments he raised below, namely that equitable tolling excuses his untimely filing due to his "numerous filings in the Greensville County Circuit Court," including the "Motion to Vacate Judgment." Pet. Obj. at 3–6, Dkt. No. 24, and Pet Obj. 3–6, Dkt. No. 25. However,

---

[1] On October 4, 2024, McGougan placed his Petition in the prison mail system, which was conditionally filed on November 7, 2024, Dkt. No. 1, and then filed in this Court on December 12, 2024, Dkt. No. 6.

3

McGougan filed his Motion to Vacate Judgment on February 23, 2021, more than two years after his statute of limitations ran on January 10, 2018. Pet. at 17–29. Therefore, by the time McGougan filed his Motion to Vacate Judgment, it could not toll the statute of limitations because the period had already expired. *See Harcum v. Dotson*, No. 1:24-cv-1185, 2025 WL 11812913, at *4 (E.D. Va. Apr. 23, 2025) (citing *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (noting that an "application for post-conviction relief tolls the statute of limitations, [but] it does not reset or restart the statute of limitations once the limitations period has expired")). McGougan filed all other post-conviction motions after the statute of limitations had already expired, and all his state claims for relief were finally resolved by 2021, nearly three years before his federal filing. Therefore, McGougan is not entitled to equitable tolling.

As to all other enumerated "objections" that are not specific and/or not responsive to the Magistrate Judge's ruling, the Court has reviewed the record and has found no clear error. *See Doss v. Clarke*, No. 7:14-cv-15, 2015 WL 1383234, at *2 (W.D. Va. Mar. 23, 2015) (explaining that "clear error" review applies in the absence of a "specific objection" to a finding in the R&R); *Hart v. Warden of Broad River Corr. Inst.*, No. 0:09-997, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (declining to individually analyze all but one objection because the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the R&R, or "merely restat[ed]" the petitioner's claims). Accordingly, all of McGougan's objections to the R&R's analysis of his habeas Petition are OVERRULED.

## IV. CONCLUSION

After careful consideration, the Court ACCEPTS and ADOPTS IN WHOLE the findings and recommendations set forth in the R&R. Dkt. No. 23. Accordingly, it is therefore ORDERED that Respondent's Motion to Dismiss, Dkt. No. 13, is GRANTED, Petitioner's Motion for Summary

Judgment, Dkt. No. 22, is DENIED, and the Petition, Dkt. No. 6, is DENIED and DISMISSED WITH PREJUDICE. Also pending before the Court is Petitioner's Motion for Appointment of Counsel, Dkt. No. 26, which is DENIED, and Petitioner's Motion for Leave to Proceed in forma pauperis, Dkt. No. 27, which is DENIED.

Finding that the basis for dismissal of Petitioner's § 2254 petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is DENIED. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is directed to mail a copy of this Final Order to Petitioner and to provide an electronic copy to counsel of record for Respondent.

/s/ 
_____
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 15, 2025